**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KELVIN ANDRE SPOTTS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-0044 |
| ) | (CKK) |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO TRANSFER VENUE
TO THE EASTERN DISTRICT OF TEXAS**

Defendant United States of America, by and through undersigned counsel, hereby moves

this Court pursuant to Rule 12(b)(3), Fed. R. Civ. P., 28 U.S.C. §1404, and 28 U.S.C. §1406, to

transfer this case to its proper venue.  Defendant asks the Court for an order transferring this case

to the United States District Court for the Eastern District of Texas.[1]  In support of this Motion,

the Court is referred to Defendant's accompanying Memorandum of Points and Authorities and

proposed Order attached hereto.

---

[1]     Pursuant to LCvR 7(m), Defendant contacted counsel for Plaintiffs.  Counsel for
Plaintiffs stated that he intends to oppose this motion.

Dated April 21, 2008.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
CHRISTIAN A. NATIELLO D.C. BAR # 473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C.  20530
(202) 307-0338

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KELVIN ANDRE SPOTTS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-0044 |
| ) | (CKK) |
| The United States of America, ) | |
| ) | |
| Defendant. ) | |

**POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF TEXAS**

Plaintiffs filed a civil action on February 2, 2008.  In their Second Amended Complaint, Plaintiffs bring seven counts against Defendant.  Among the counts, Plaintiffs allege the common law torts of negligence, intentional infliction of emotional distress, and wrongful death, and a constitutional tort violation of Plaintiffs' Eighth Amendment rights.[2]  Second Amended Complaint at ¶ 225-287.  As a result of Defendant's alleged conduct, Plaintiffs request $250,000 per Plaintiff and $2,000,000 for each of the two Plaintiffs that allegedly died as a result of Defendant's alleged conduct.

The District of Columbia is an improper venue for all of the counts in Plaintiffs' Second Amended Complaint because none of the Plaintiffs reside in Washington, D.C. and the actions alleged in Plaintiffs' Second Amended Complaint occurred solely and exclusively within the Eastern District of Texas.  The matter therefore should be transferred to that judicial district.

---

[2]    Plaintiffs also allege "reckless disregard for welfare/deliberate indifference," (Count 2, Second Amended Complaint at ¶¶ 235-44), "malfeasance, misfeasance and nonfeasance," (Count 5, Second Amended Complaint at ¶¶ 262-63), and "malice," (Count 6, Second Amended Complaint at ¶¶ 276-85).

1

**STATEMENT OF FACTS**

Plaintiffs in this case are, or were, incarcerated at the Federal Correctional Institution in Beaumont, Texas.  See Second Amended Complaint at ¶ 2.  On February 2, 2008, Plaintiffs filed their original Complaint.  In that Complaint, and in Plaintiffs' Second Amended Complaint, Plaintiffs sued the United States (and, apparently, the Bureau of Prisons as well).  Second Amended Complaint at ¶ 2.  Plaintiffs allege that their case is brought under the Federal Tort Claims Act ("FTCA").  Second Amended Complaint at ¶¶ 1, 3.

Plaintiffs claim that from September 24 through October 25, 2005, they were forced to live in substandard conditions at their prison in Beaumont, Texas, due to the aftereffects of Hurricane Rita.  Plaintiffs allege that the conditions in the prison in the days after Hurricane Rita caused them to experience post-traumatic stress disorder; incur various physical ailments; increase their risk of certain negative long-term health effects; and even resulted in the wrongful death of two inmates.  As a result, Plaintiffs seek $250,000 for each Plaintiff that is still living and $2,000,000 for each of the two Plaintiffs that have subsequently died.  Second Amended Complaint at p. 96, ¶ 8.  All of the actions complained of occurred in Beaumont, Texas.

**ARGUMENT**

**I.     STANDARD OF REVIEW**

In considering a motion to transfer for improper venue under Rule 12(b)(3), the Court must accept the plaintiff's "well-pled factual allegations regarding venue as true, draw all reasonable inferences from those allegations in the plaintiff's favor, and resolve any factual conflicts in plaintiff's favor."  Quarles v. Gen. Inv. & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003).  "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper."  Freeman v. Fallin, 254 F.

Supp. 2d 52, 56 (D.D.C. 2003).  "If the Court concludes that venue is improper, it must either

dismiss the action or 'if it be in the interest of justice, transfer it to any district or division in

which it could have been brought.'"  Sheppard v. U.S., 2007 U.S. Dist. LEXIS 27044 (D.D.C.

2007) citing 28 U.S.C. 1406(a).  Moreover, "[t]he decision whether to dismiss or transfer is

committed to the 'sound discretion' of the Court."  Id. citing Naartex Consulting Corp. v. Watt,

232 U.S. App. D.C. 293 (D.C. Cir. 1983).

Applying this standard demonstrates that Plaintiffs' Second Amended Complaint should

be transferred.

## II.    VENUE IS IMPROPER IN THE DISTRICT OF COLUMBIA

Plaintiffs' claims must be transferred pursuant to Rule 12(b)(3) and 28 U.S.C. §1406(a)

for improper venue.[3]  Under 28 U.S.C. § 1402(b), venue for any claims brought under the Federal

Tort Claims Act lies only in the judicial district where the plaintiff resides or where the cause of

action arose.  The section states that:

> Any civil action on a tort claim against the United States...may be prosecuted
> only in the judicial district where the plaintiff resides or wherein the act or
> omission complained of occurred.  (Emphasis added).

28 U.S.C. § 1402(b); see also Zakiya v. U.S., 2003 WL 21403767 at p. 4 (D.D.C.) ("Because

none of the operative events that constitute the gravamen of plaintiff's claims took place in the

District of Columbia, the Court concludes that venue in this district is improper."); Bryant v.

Carlson, 652 F. Supp. 1286, 1287 (D.D.C. 1987); Bartel v. F.A.A., 617 F. Supp. 190, 198 (D.D.C.

1985).  For venue purposes, a federal inmate's residence is his current place of confinement.  See

In re Pope, 580 F.2d 620, 622 (D.C. Cir. 1978); Bryant, 652 F. Supp. at 1287.  A tort claim arises

---

[3]    28 U.S.C. §1406(a) states that the "district court of a district in which is filed a
case laying venue in the wrong division or district shall dismiss, or if it be in the interest of
justice, transfer such case to any district or division in which it could have been brought."

under the FTCA at the place where the acts complained of occurred.[4]  See Beattie v. United

States, 592 F. Supp. 780, 784 (D.D.C. 1984).

      Plaintiffs in this case are from (or are incarcerated in prisons) all over the country.  But

not one Plaintiff resides or is incarcerated in Washington, D.C.  See Case Caption of Second

Amended Complaint, pp. 1-14 (listing no Plaintiffs that reside or are incarcerated in Washington,

D.C.).  Plaintiffs further allege events that occurred solely at USP Beaumont, located in the

Eastern District of Texas.  Plaintiffs nonetheless filed this action in the United States District

Court for the District of Columbia.  Courts in this circuit recognize the danger of giving all

federal inmates the opportunity to bring their claims here.  "Courts in this circuit must examine

the challenges to personal jurisdiction and venue carefully to guard against the danger that a

plaintiff might manufacture venue in the District of Columbia."[5]  Cameron v. Thornburg, 983

F.2d 253, 256 (D.C. Cir. 1993).

## III.  THE EASTERN DISTRICT OF TEXAS IS THE PROPER DISTRICT FOR THIS CASE

      Even if venue were technically proper in this District under 28 U.S.C. §1402 (which it is

not), the case should be transferred anyway for the convenience of the parties and witnesses under

---

[4]     Likewise, for a Constitutional tort claim, venue is proper in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  See Harrison v. Lappin, 2005 WL 752186 at 3 (D.D.C. Mar. 31, 2005).  There has been, however, no waiver of sovereign immunity for constitutional tort claims for money damages against the United States.  Taylor v. FDIC, 132 F.3d 753, 768 (D.C. Cir. 1997) (holding that "no cause of action for damages for constitutional violations . . . is to be implied against government agencies."); Komongnan v. United States Marshals Serv., 471 F. Supp.2d 1, 4 (D.D.C. 2006) (same).

[5]     Defendant further contends that even if Plaintiffs can show that one or two, or even a few, of the Plaintiffs reside in Washington, D.C., the balance in favor of having this case transferred to Texas is overwhelming.

28 U.S.C. §1404(a).  According to that section, a district court may transfer any civil action to any other district or division where it may have been brought.[6]  See 28 U.S.C. § 1404(a).

Section 1404(a) permits the Court to transfer this case to "any other district or division where it might have been brought" for the "convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  A threshold question is whether the case could have been brought in the district to which transfer is sought.[7]  See Stewart Organization v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citing Van Dusen v. Barrack, 376 U.S. 612, 613 (1964)).  The Court then must engage in a case by case analysis and balance the private interests of the parties with public interests such as efficiency and fairness.  Id. at 29; Abusadeh, 2007 WL 2111036, at *3.  Transferring the case to the Eastern District of Texas serves both the private and the public interests.

    1.  The private interests weigh in favor of transferring

The factors courts consider when assessing private interests include: the plaintiff's choice of forum, the defendant's choice of forum, whether the claim arose elsewhere, convenience of the parties, convenience of the witnesses, and ease of access to sources of proof.  See Trout Unlimited v. United States Dep't of Agriculture, 944 F.Supp. 13, 16 (D.D.C. 1996) (citation omitted).  Although courts generally accord substantial deference to a plaintiff's choice of forum, that deference is lessened when the forum chosen is not the plaintiff's home forum.  See Shawnee Tribe v. United States, 298 F.Supp.2d 21, 24 (D.D.C. 2002) (citing Piper Aircraft Co. v. Reyno,

_____

[6]    Defendant admits that venue under the FTCA could be proper in any district in which one of the Plaintiffs resides or is incarcerated, which could be at any number of places across the country.  Nonetheless, Defendant suggests that this case be transferred to the Eastern District of Texas because that is the District in which all of the events giving rise to the Second Amended Complaint occurred.  The Eastern District of Texas is where many of the Plaintiffs reside and where all of the relevant witnesses are (or were) located; this case belongs there.

[7]    The FTCA permits (if not mandates) this case to be brought in the Eastern District of Texas.  See Section II supra.

454 U.S. 235 (1981)).  Courts also apply less deference when the chosen forum has an inadequate

nexus to the events in the case.  See Southern Utah Wilderness Alliance v. Norton, 315 F.

Supp.2d 82, 86 (D.D.C. 2005).

      A.     Plaintiffs' choice of forum

      Plaintiffs' choice of forum deserves little deference because they do not reside in

this District, and because this District lacks meaningful ties to the controversy.  Federal officials

in the Eastern District of Texas ran the facility at which Plaintiffs' alleged injuries occurred.

Accordingly, this case is similar to other cases in which courts have found that the interests favor

transfer because the "primary issue in th[e] case" concerns a decision made by an agency's local

outpost as opposed to its headquarters.  Southern Utah Wilderness Alliance, 315 F. Supp.2d at 87;

see, e.g., Shawnee Tribe, 298 F. Supp.2d at 24 (transferring and noting that the Government's

field offices were "actively involved" in decision at issue and the decision-making process was

not "substantially focused" in Washington, D.C.); Sierra Club v. Flowers, 276 F.Supp. 62, 67 68

(D.D.C. 2003) (transferring case because federal officials in Florida made the relevant decision

and officials in Washington, D.C. were not involved in the decision making process); Airport

Working Group of Orange County, Inc. v. United States Dep't of Defense, 226 F. Supp.2d 227,

230-31 (D.D.C. 2002) (transferring because connection to D.C. was "attenuated" where D.C.

officials were not actively involved in challenged decision).

      It is true that some Bureau of Prisons officials work in offices in the District of Columbia.

That, however, does not make this Court the appropriate forum.  Moreover, the fact that those

officials "reside" in the District of Columbia does not control the venue analysis.  See Shawnee

Tribe, 298 F. Supp. 2d at 25 (finding venue appropriate where field office was located despite

involvement of "some officials...who work in the Washington, D.C. area").  Instead, the relevant

6

factor is that the officials who were directly involved in the events that are alleged to have caused

Plaintiffs' injuries are in the Eastern District of Texas.

      B.    <u>Defendant's choice of forum</u>

     The Court next considers Defendant's choice of forum.  Defendant has legitimate reasons

for seeking transfer.  The Eastern District of Texas is where most Plaintiffs reside and is the

jurisdiction that is home to the federal prison in Beaumont.  To the extent that Plaintiffs allege

that the events or omissions that form the basis of their Second Amended Complaint took place in

Beaumont, Texas, the Court should transfer the case to the Eastern District of Texas.  The prison

is there, most of the Plaintiffs are there, all of the relevant witnesses are there, and the sources of

proof are there.

      C.    The claims arose elsewhere, the convenience of the parties and witnesses,
              <u>and the access to the sources of proof</u>

     Again, the analysis for the private interests require that the Court look at whether the

claims arose elsewhere, the convenience of the parties, the convenience of the witnesses, and the

ease of access to sources of proof.  Any fair reading of Plaintiffs' Second Amended Complaint

leads the reader to one conclusion: all of the alleged actions and inactions in this case occurred

(or failed to occur) in Beaumont, Texas.  Moreover, it is hard to think that having the case in the

Eastern District of Texas would be less convenient for Plaintiffs – most of whom reside in the

eastern District of Texas – than would be having the case in Washington, D.C.  In addition,

virtually all conceived witnesses are or were in Beaumont.  The same cannot be said about

Washington, D.C.  Finally, it is again hard to imagine that access to proof in this case will

somehow be easier in Washington, D.C. than it would be in a court in or near Beaumont, Texas.[8]

---

[8]    In fact, there is a courthouse for the Eastern District of Texas located right in
Beaumont itself.

2. <u>The Public Interests Weigh In Favor of Transferring The Case</u>

The public interests also favor transfer. The relevant considerations include: the transferee's familiarity with governing laws, relative congestion of the calendars of the potential transferee and transferor courts, and local interests in deciding local controversies at home. <u>See</u> <u>Trout Unlimited</u>, 944 F.Supp. at 16 (citation omitted); <u>Airport Working Group of Orange County, Inc.</u>, 226 F. Supp.2d at 229. Since this action concerns federal law (namely, the FTCA), the Eastern District of Texas is as familiar with the applicable law as is the District of Columbia.

In addition, there is no evidence that the Eastern District of Texas' docket is significantly more congested than the District of Columbia's docket. <u>See</u> <u>Trout Unlimited v. United States Dep't of Agriculture</u>, 944 F.Supp. at 16; <u>see also</u> Exh. A (spreadsheet demonstrating caseload of both districts). To the contrary, the Eastern District of Texas had 3,352 pending civil cases between October 1, 2006, and September 30, 2007, whereas this Court had 3,936 pending civil cases during that same period. <u>See</u> Exh. A. Accordingly, this factor weighs in favor of transferring this case to the Eastern District of Texas.

The local interests almost always favor the transferring of a case to the district in which the dispute arose because of the natural inclination to have local problems resolved locally. <u>Abusadeh v. Chertoff</u>, 2007 WL 2111036 (transferee court had a "superior interest in addressing the instant controversy because 'there is a local interest in having localized controversies decided at home.'" <u>Id.</u> at *8. This case presents no reason why venue should be anywhere else but the Eastern District of Texas.

<b><u>CONCLUSION</u></b>

Because venue is statutorily improper in this case under the FTCA, the Court should transfer Plaintiffs' case to the jurisdiction in which the actions that gave rise to Plaintiffs' claims

8

occurred.  Even if the Court finds that venue is permissible in Washington, D.C. under the FTCA, the Court nonetheless should transfer this case to its natural setting: the Eastern District of Texas.

Dated April 21, 2008.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
CHRISTIAN A. NATIELLO D.C. BAR # 473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C.  20530
(202) 307-0338

Exhibit A

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| DISTRICT OF COLUMBIA | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|
| | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | 2,870 | 2,947 | 3,383 | 3,121 | 3,461 | 3,382 | U.S. | Circuit |
| | Terminations | 3,016 | 3,458 | 3,305 | 3,365 | 3,101 | 3,159 | | |
| | Pending | 3,936 | 4,114 | 4,634 | 4,422 | 4,656 | 4,338 | | |
| | % Change in Total Filings — Over Last Year | | -2.6 | | | | | 57 | - |
| | % Change in Total Filings — Over Earlier Years | | | -15.2 | -8.1 | -17.1 | -15.1 | 70 | - |

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **TEXAS EASTERN** | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | Numerical Standing | |
| OVERALL CASELOAD STATISTICS | Filings* | 3,873 | 3,658 | 3,583 | 3,860 | 4,072 | 3,610 | U.S. | Circuit |
| | Terminations | 3,572 | 3,623 | 3,538 | 4,243 | 3,487 | 4,458 | | |
| | Pending | 3,352 | 3,079 | 3,035 | 2,983 | 3,358 | 2,825 | | |