**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Kelvin Andre Spotts, et al.

Plaintiffs

v.

United States of America

Defendant

Case No. 1:08-cv-00044

Judge Kollar-Kotelly, Colleen

**Motion to Add New Plaintiffs Pursuant to Fed.R.Civ.P. 20(a)**

Plaintiffs, acting through counsel, hereby file a Motion to add three new Plaintiffs pursuant to Fed.R.Civ.P. 20(a) [hereafter *Rule 20(a)*], titled *Permissive Joinder of Parties*. This lawsuit currently involves 438 Federal prisoners with claims under the Federal Tort Claim Act. The addition of three new Plaintiffs would increase the number to 441. For good cause, Plaintiffs are attaching a Brief in Support and documentary evidence, attesting to the fact that these inmates have exhausted their administrative remedies and they are eligible to participate in this litigation.

Respectfully submitted;

/s/ Norman L. Sirak
Norman L. Sirak
Ohio Reg. OH0038058
D.C. Bar # 162669
4974 Higbee Ave. – Suite 203
Canton, Ohio 44718
Phone (330) 493 – 7462

Fax (330) 493 – 7851
Email nsirak@parolereform.com

**Certificate of Service**

A copy of the foregoing will be sent via the Court's electronic filing system to Christian A. Natiello, Assistant U.S. Attorney, as well as to any other parties entered on the Court's filing system for this case.

/s/ Norman L. Sirak
____________________________
Norman L. Sirak

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Kelvin Andre Spotts, et al.

Plaintiffs

v.

United States of America

Defendant

Case No. 1:08-cv-00044

Judge Kollar-Kotelly, Colleen

**Motion to Add New Plaintiffs Pursuant to Fed.R.Civ.P. 20(a)**

**Memorandum in Support**

---

**Summary of Motion**

Since Plaintiffs filed their Second Amended Complaint in early April, three additional inmates housed at the Beaumont Penitentiary when Hurricane Rita struck, have asked to be added to this lawsuit. All three inmates have demonstrated that they have exhausted their administrative remedies. Rule 20(a) affords a mechanism for adding new plaintiffs. The claims of these three inmates are identical in every respect to the claims of the 438 existing Plaintiffs. Plaintiffs are asking the Court to exercise its discretion and add these new Plaintiffs.

## Table of Contents

| | Page No. |
|---|---|
| Introduction | 1 |
| Pertinent Facts | 2 |
| Applicable Law | 3 |
| Discussion | 3 |
| Conclusion | 4 |
| Certificate of Service | 4 |

**Exhibits**

Exhibit 1 – Denial Decision for Jeffrey Worthy

Exhibit 2 – Denial Decision for Silky Harris

Exhibit 3 – Denial Decision for Walter Williams

# Table of Authorities

Page No.

**Federal Cases**

Puricelli v. C.N.A.
185 F.R.D. 139 (N.D.N.Y. 1999) 3

**Federal Rules**

Federal Rule of Civil Procedure 20(a) 1, 3, 4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Kelvin Andre Spotts, et al.

Plaintiffs

v.

United States of America

Defendant

Case No. 1:08-cv-00044

Judge Kollar-Kotelly, Colleen

**Motion to Add New Plaintiffs Pursuant to Fed.R.Civ.P. 20(a)**

**Memorandum in Support**

**Introduction**

Fed.R.Civ.P. 20(a) [hereafter *Rule 20(a)*] affords a mechanism for adding new Plaintiffs. In pertinent part, Rule 20(a) states:

> (a) PERMISSIVE JOINDER. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

At the present time, there are 438 Plaintiffs in this litigation. Since Plaintiffs filed their Second Amended Complaint in early April, three additional inmates have asked to join this litigation. All of these inmates have submitted documentary proof that their administrative remedies have been exhausted, as required by the Federal Tort Claims Act. [1]

[1] Attached to this Memorandum in Support are the denial decisions of Jeffrey Worthy Reg. No. 56901-004 attached as Exhibit 1, Silkey Harris Reg. No. 11891-076 attached as Exhibit 2, and Walter Williams Reg. No. 89086-012 attached as Exhibit 3.

**Pertinent Facts**

Plaintiffs are all federal inmates housed at the U.S. Penitentiary in Beaumont, Texas when Hurricane Rita made landfall on September 25, 2005. This lawsuit has been filed under the auspices of the Federal Tort Claim Act. Prior to filing an action in Federal Court, Plaintiffs are required to exhaust their administrative remedies. Once their administrative remedies have been exhausted, a claimant has six months to file a lawsuit in federal court. If nothing is done during these six months, the opportunity for seeking relief is terminated by the statute of limitation.

All three of these inmates exhausted their administrative remedies. Jeffrey Worthy's denial decision is dated January 4, 2008. The denial decision of Walter Williams is also dated January 4, 2008. Jeffrey Worthy and Walter Williams must file a lawsuit on or before July 4, 2008. Silkey Harris's denial decision is dated January 29, 2008, and his six months will lapse on July 29, 2008. If denied admittance to this litigation, these inmates would not have much time to find another attorney.

All of these inmates have been moved from the U.S. Penitentiary in Beaumont. Silky Harris is now at the Forrest City Medium Facility in Eastern Arkansas. Jeffrey Worthy and Walter Williams are both in central Florida, but they are housed in different prisons. Jeffrey Worthy is at Coleman II and Walter Williams is at Coleman I. Their removal to distant

prisons is no doubt the reason for their delayed application to join. Counsel for Plaintiffs submits that their late application to join is not their fault.

**Applicable Law**

Two conditions must be satisfied to qualify for permissive joinder under Rule 20(a). (1) The right to relief sought by all plaintiffs must arise out of the same transaction or occurrence or series of transactions or occurrences; and (2) a common question of law or fact as to all plaintiffs must arise in the action. [2] The policy underlying permissive joinder is to promote trial convenience and expedite the resolution of lawsuits.[3]

**Discussion**

This is the very unique lawsuit in which the claims of the inmates sought to be joined not only arise from the same occurrence – namely Hurricane Rita – but they are identical to the claims of the 438 existing Plaintiffs. These are all penitentiary inmates locked inside their cells and helpless to influence the events surrounding them. All of the law applicable to existing Plaintiffs will apply with equal force to these three inmates.

This litigation is still in its infancy, with a question relating to proper venue currently before the Court. Accordingly, no prejudice would occur to Defendant by the addition of these three new plaintiffs at this time.

---

[2] *See* Rule 20(a).
[3] Puricelli v. C.N.A., 185 F.R.D. 139, 142 (N.D. N.Y. 1999)

**Conclusion**

The requirements of the Federal Tort Claim Act and the conditions set forth in Rule 20(a) have all been satisfied. At this early stage of the proceeding, no prejudice will occur to Defendant. For these reasons, we ask the Court to grant this motion and add Jeffrey Worthy Reg. No. 56901-004, Silky Harris Reg. No. 11891-076 and Walter Williams Reg. No. 89086-012 as three new Plaintiffs to this lawsuit.

Respectfully submitted;

/s/ Norman L. Sirak
Norman L. Sirak
Ohio Reg. OH0038058
D.C. Bar # 162669
4974 Higbee Ave. – Suite 203
Canton, Ohio 44718
Phone (330) 493 – 7462
Fax (330) 493 – 7851
Email nsirak@parolereform.com

**Certificate of Service**

A copy of the foregoing will be sent via the Court's electronic filing system to Christian A. Natiello, Assistant U.S. Attorney, as well as to any other parties entered on the Court's filing system for this case.

/s/ Norman L. Sirak

Norman L. Sirak



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

*4211 Cedar Springs Road*
*Dallas, Texas 75219*

**DATE MAILED:** JAN - 4 2008
**Certified Receipt: 7005-1160-0000-1343-8847**

Jeffrey Worthy
Reg. No. 56901-004
United States Penitentiary - Coleman II
P.O. Box 1034
Coleman, Florida 33521-0897

Re: Administrative Tort Claim No. TRT-SCR-2007-05024

Dear Mr. Worthy:

This is in response to your request for administrative settlement under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, and authority granted by Title 28 C.F.R. § 0.172. You seek monetary damages in the amount of $50,000.00 in personal injury for events occurring on or about September 26, 2005, while you were at the Federal Correctional Complex (USP), Beaumont, Texas. Specifically, you allege you suffered from no air circulation, spoiled food, no running water, and backed up sewage after Hurricane Rita made land fall. You claim you suffered sleep deprivation and nightmares as a result of the storm.

Section 2672 of the FTCA delegates to each Federal agency the authority to consider, determine and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

The investigation into this claim revealed FCC Beaumont (USP) was struck by Hurricane Rita on September 24, 2005. Staff took appropriate measures to alleviate the conditions caused by the natural disaster. No evidence was discovered to indicate staff issued the inmate population non-potable water or spoiled food after the hurricane made land fall. All supplies were issued to the inmate population as they became available. Staff also attempted to work with the local community to restore all utilities as quickly as possible. Inmates were not allowed out of their cells immediately after the storm for security reasons, but once the institution resumed normal operations inmates were allowed to return to regular activities.

Based on this information, there is no evidence you sustained any personal injury caused by the negligent or wrongful act or omission of any Bureau of Prisons employee acting within the scope of his or her employment. You have also failed to demonstrate you suffered any physical injury in connection with your alleged emotional injury, a requirement under 28 U.S.C. § 1346(b)(2). Your claim is denied based on the above findings.



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

*4211 Cedar Springs Road*
*Dallas, Texas 75219*

**DATE MAILED:** JAN 2 9 2008
**Certified Receipt: 7007-3020-0001-0935-6944**

Silkey Harris
Reg. No. 11891-076
Federal Correctional Complex - Medium
P.O. Box 3000
Forrest City, Arkansas 72336

Re: Administrative Tort Claim No. TRT-SCR-2007-05938

Dear Mr. Harris:

This is in response to your request for administrative settlement under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, and authority granted by Title 28 C.F.R. § 0.172. You seek monetary damages in the amount of $1.5 million in personal injury for events occurring on or about September 25, 2005, while you were at the Federal Correctional Complex (USP), Beaumont, Texas. Specifically, you allege you suffered cruel and unusual punishment because you experienced headaches, weight loss, constipation, and other physical ailments after Hurricane Rita made land fall. You claim these conditions violated your Eighth Amendment rights, and that you suffered mental anguish due to dreams of drowning in your cell.

Section 2672 of the FTCA delegates to each Federal agency the authority to consider, determine and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

As an initial matter, constitutional claims are not cognizable under the FTCA. Therefore, all compensation sought for alleged violations of the Eighth Amendment are denied. An investigation into your allegations could not substantiate your claim. The investigation revealed FCC Beaumont (USP) was struck by Hurricane Rita on September 24, 2005. Staff took appropriate measures to alleviate the conditions caused by the natural disaster. No evidence was discovered to indicate staff issued the inmate population non-potable water or spoiled food after the hurricane made land fall. Staff also attempted to work with the local community to restore all utilities as quickly as possible.

**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

*4211 Cedar Springs Road*
*Dallas, Texas 75219*

**DATE MAILED:** JAN - 4 2008
**Certified Receipt: 7005-1160-0000-1343-8779**

Walter Williams
Reg. No. 89086-012
United States Penitentiary - Coleman II
P.O. Box 1034
Coleman, Florida 33521-0897

Re: Administrative Tort Claim No. TRT-SCR-2007-05023

Dear Mr. Williams:

This is in response to your request for administrative settlement under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, and authority granted by Title 28 C.F.R. § 0.172. You seek monetary damages in the amount of $50,000.00 in personal injury for events occurring on or about September 26, 2005, while you were at the Federal Correctional Complex (USP), Beaumont, Texas. Specifically, you allege you suffered from no air circulation, spoiled food, no running water, and backed up sewage after Hurricane Rita made land fall. You claim you suffered sleep deprivation and nightmares as a result of the storm.

Section 2672 of the FTCA delegates to each Federal agency the authority to consider, determine and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

The investigation into this claim revealed FCC Beaumont (USP) was struck by Hurricane Rita on September 24, 2005. Staff took appropriate measures to alleviate the conditions caused by the natural disaster. No evidence was discovered to indicate staff issued the inmate population non potable water or spoiled food after the hurricane made land fall. All supplies were issued to the inmate population as they became available. Staff also attempted to work with the local community to restore all utilities as quickly as possible. Inmates were not allowed out of their cells immediately after the storm for security reasons, but once the institution resumed normal operations inmates were allowed to return to regular activities.

Based on this information, there is no evidence you sustained any personal injury caused by the negligent or wrongful act or omission of any Bureau of Prisons employee acting within the scope of his or her employment. You have also failed to demonstrate you suffered any physical injury in connection with your alleged emotional injury, a requirement under 28 U.S.C. § 1346(b)(2). Based on the above findings, your claim is denied.

If you are not satisfied with this decision, you have six months from the date of this letter in which to file a lawsuit in the appropriate United States District Court.

Sincerely,

Jason A. Sickler
Regional Counsel

JAS/tvh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Kelvin Andre Spotts, et al.

Plaintiffs

v.

United States of America

Defendant

Case No. 1:08-cv-00044

Judge Kollar-Kotelly, Colleen

**Order**

Plaintiffs have filed a Motion pursuant to the Permissive Joinder rule, Fed.R.Civ.P. 20(a), seeking to add three more plaintiffs. Documentation has been attached, attesting to the fact that the claimants seeking to be added have satisfied the exhaustion requirements of the Federal Tort Claim Act. Plaintiffs have also conclusively established that the conditions of Rule 20(a) are also fulfilled. For good cause shown, the Court grants Plaintiffs' motion and adds Jeffrey Worthy Reg. No. 56901-004, Silky Harris Reg. No. 11891-076 and Walter Williams Reg. No. 89086-012 as three new Plaintiffs to this lawsuit.

IT IS SO ORDERED.

______________________
Judge

Submitted by Plaintiffs

/s/ Norman L. Sirak
Norman L. Sirak